UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES WADE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 00-63 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be **SUMMARILY DISMISSED WITH PREJUDICE**, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1988, a federal court jury in Texas found Petitioner guilty of nine federal drug offenses. He was sentenced to an aggregate prison term of 240 months, and he is

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED FEB 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

now serving his sentence at the Federal Correctional Institution at Sandstone, Minnesota.

Petitioner challenged his convictions and sentences in a direct appeal taken to the Fifth Circuit Court of Appeals, but the trial court judgment was affirmed in all respects. U.S. v. Wade, 931 F.2d 300 (5th Cir.), cert. denied, 502 U.S. 888 (1991). Shortly after his convictions were affirmed on direct appeal, Petitioner filed a motion seeking relief under 28 U.S.C. § 2255. That motion was denied by the district court, and the Court of Appeals again affirmed.

In late 1994, Petitioner filed a second § 2255 motion. That motion was denied on October 23, 1995, based on "abuse of the writ" principles. (See Rule 9(b) of the Rules Governing Section 2255 Proceedings.) Rather than taking an immediate appeal, Petitioner filed a motion asking the district court to reconsider his second § 2255 motion. When that motion was denied, Petitioner filed another motion for reconsideration, this time raising new claims based on allegedly new evidence. The district court concluded that Petitioner's new claims could not be entertained without pre-authorization from the Fifth Circuit Court of Appeals. Because Petitioner had not sought or obtained such pre-authorization, his second motion for reconsideration was denied, and his second § 2255 motion was finally adjudicated.[2]

Thereafter, Petitioner filed a motion with the Fifth Circuit Court of Appeals, seeking permission to file another § 2255 motion with the trial court. That request was

---

[2] This synopsis of Petitioner's second § 2255 motion is based on the order entered in the U.S. District Court for The Eastern District of Texas on October 14, 1998, in Wade v. United States of America, No. 1:94cv736. A copy of that order is included with Petitioner's submissions. (Docket No. 3; Exhibit B.)

summarily denied. (Petitioner's Submissions; [Docket No. 3]; Exhibit C; Order filed January 8, 1999.[3]) Petitioner then filed another request for leave to file a new § 2255 motion. In his second motion to the Fifth Circuit, Petitioner argued that he had new evidence, which would support his claims that (1) he was innocent of all charges against him, (2) the prosecution had violated his constitutional rights by failing to disclose exculpatory evidence and engaging in selective prosecution, and (3) his appellate counsel was guilty of "misconduct." Once again, however, the Fifth Circuit Court of Appeals refused to grant Petitioner permission to file a new § 2255 motion. (Id.; Order filed July 9, 1999.)

On January 12, 2000, Petitioner filed his current petition seeking habeas corpus relief under 28 U.S.C. § 2241. His petition lists four grounds for relief, which appear to be identical to the claims included in his most recent request for leave to file a new § 2255 motion; i.e. -- (1) that he is actually innocent of all of the offenses for which he was convicted, (2) that the prosecution violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose certain allegedly exculpatory evidence, (3) that the prosecution deprived him of his right to equal protection by engaging in selective prosecution, and (4) that his appellate counsel was guilty of misconduct and failed to provide effective legal assistance. None of these claims will be discussed on the merits, however, for the reasons discussed below. Instead, it will be recommended that Petitioner's current habeas corpus petition be summarily dismissed with prejudice.

[3] Although the order is date stamped January 8, 1998, the Circuit Court docket sheet indicates that the order actually was entered on January 8, 1999.)

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly challenging the validity of his original convictions and sentence, and his habeas corpus petition is therefore subject to § 2255's exclusive remedy rule. Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255,

because he has already done so twice before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[4]

Without a proper pre-authorization order from the appropriate Court of Appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255

---

[4] According to the final paragraph of 28 U.S.C. § 2255:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Indeed, that rule has already been called to Petitioner's attention by the district court in which he was convicted. (See Petitioner's Submissions, [Docket No. 3], Exhibit B, Order dated October 14, 1998, p. 3.) Because the instant Petitioner has not obtained a pre-authorization order from the Fifth Circuit Court of Appeals, a new § 2255 motion could not properly be entertained by the trial court at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted.

Moreover, it appears that Petitioner has deliberately elected to file a § 2241 habeas corpus petition, rather than seeking relief under § 2255. He apparently believes that § 2255's exclusive remedy rule should not be applied to his current petition, because § 2255 has become "inadequate or ineffective to test the legality" of his convictions. Therefore, he evidently reasons, he should be allowed to pursue his claims in a § 2241 habeas corpus proceeding at this time.

It further appears that Petitioner believes he is eligible for the "inadequate or ineffective remedy" exception because his current claims for relief are based on newly discovered evidence that purportedly will establish his actual innocence with regard to all of the criminal charges against him. He obviously has concluded that his latest post-conviction claims must be addressed on the merits in some federal court proceeding, and if the trial court cannot do so in a § 2255 proceeding, then he must be allowed to seek relief under § 2241.

If Petitioner's beliefs and reasoning were correct, then any prisoner whose § 2255 claims were procedurally barred could bring his claims in a § 2241 habeas corpus petition. The rules barring successive § 2255 motions would be rendered meaningless, however, if any prisoner whose claims had been procedurally defaulted could simply contend that the remedy provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing procedural default to be so easily evaded.

As the Second Circuit Court of Appeals has pointed out, the "inadequate or ineffective" exception in § 2255

> "does not, of course, mean that habeas corpus is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief. If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts... to place limits on federal collateral review. Courts have understandably refused to adopt this reading of the statute."

Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997). Every other circuit court that has discussed this issue has reached the same conclusion. U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), pet. for cert. filed Jan. 3, 2000, (No. 99-7691); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered

inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion"); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964) and Overman v. U.S., 322 F.2d 649, 650 (10th Cir. 1963) (per curiam).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to challenge his conviction and sentence in his direct appeal, and in his first § 2255 motion to the trial court. He cannot claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

The Court has not overlooked Petitioner's contention that he is presently attempting to prove his actual innocence, based on new evidence that was not available

to him until after his second § 2255 motion had been initially denied. This assertion does have a certain superficial allure. After all, if Petitioner could positively demonstrate that he did not commit any crime, using some new evidence that he could not have been aware of previously, he should not be kept in prison -- despite his readily provable innocence -- based on mere procedural rules. See Murray v. Carrier, 477 U.S. 478, 495 (1986) ("'[i]n appropriate cases' the principles of comity and finality... 'must yield to the imperative of correcting a fundamentally unjust incarceration'"), quoting Engle v. Isaac, 456 U.S. 107, 135 (1982).

This is not a case, however, where a prisoner is effectively barred from asserting his actual innocence based on newly discovered evidence. The post-AEDPA version of § 2255 expressly authorizes the federal circuit courts to allow such claims to be raised and decided in a second or successive § 2255 motion, if a prisoner presents "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the [prisoner] guilty." In other words, if a prisoner can prove his actual innocence based on newly discovered evidence, he can seek relief under § 2255, even if he has been denied relief in an earlier § 2255 motion. See U.S. v. Roberson, 194 F.3d 408, 413, n. 3 (3rd Cir. 1999) (equating the "'actual innocence' standard of pre-AEDPA law" with the new innocence standard now set forth in the final paragraph of § 2255). Therefore, to the extent that Petitioner is seeking to advance a claim of actual innocence based on new evidence, § 2255 does provide an adequate and effective remedy -- which means that relief is not available under § 2241.

The Court recognizes, of course, that Petitioner has already presented an actual innocence claim to the Fifth Circuit Court of Appeals -- not just once, but twice. On both occasions, the Court of Appeals rejected Petitioner's claim. (See Petitioner's Submissions, [Docket No. 3], Exhibit C.) If Petitioner is presently attempting to raise the same actual innocence claim here, based on the same alleged new evidence, then, in effect, he is asking this Court to review a decision previously rendered by the Fifth Circuit. Needless to say, this Court has no authority to review a judgment entered by another federal court -- especially a higher ranking federal court, such as the Fifth Circuit Court of Appeals. On the other hand, if Petitioner is claiming that he has some brand new evidence, which was not available when he filed his two most recent motions with the Fifth Circuit, then he will have to go back to the Court of Appeals once again, showing his most recent "new evidence," and explaining why he did not present that evidence in either of his last two motions to that Court.[5]

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his convictions and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner has already filed two previous § 2255 motions and

[5] Petitioner should not misconstrue this observation as an encouragement to return to the Court of Appeals. As far as this Court can discern, Petitioner has not uncovered any new evidence since he filed his last motion with the Fifth Circuit. If he has already presented all of his "new evidence" to that Court in his two prior motions under § 2244(b)(3), then it obviously would be futile to return there for a third time.

he is precluded from filing another one without pre-authorization from the Fifth Circuit Court of Appeals; and (4) Petitioner's inability to file another § 2255 motion (without pre-authorization) does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. In addition, the Court finds that Petitioner's claim of actual innocence based on new evidence does not open the door to a § 2241 petition. A collateral challenge to a federal criminal conviction, based on new evidence proving actual innocence, can be, and should be, brought under § 2255. These determinations lead the Court to conclude that the instant § 2241 petition cannot be entertained in this district. It will therefore be recommended that the petition be summarily dismissed with prejudice.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).[6]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

[6] Based on the information appearing in Petitioner's IFP application, it is unlikely that he would have been found to be financially eligible for IFP status in any event.

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED WITH PREJUDICE.

Dated: February 3, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

For Immediate Release
January 3, 2000

# PRESS RELEASE

## UNITED STATES DISTRICT COURT

Contact: Francis E. Dosal, Clerk
(651) 848-1100

## FEDERAL COURT ADOPTS AMENDMENTS TO LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the adoption of several amendments to its local rules of practice. The changes were recommended by the Court's Local Rules Committee chaired by Minneapolis Attorney Cliff Greene of the law firm Greene Espel.

As required by federal statute, the proposed revisions were posted for public review and comment in late 1999. Following consideration of the comments received, the proposed rules were adopted unanimously by the Court to be effective January 3, 2000. The proposed amendments are as follows:

- **LR 5.1**
  Amendments to LR 5.1 and LR 5.2 regarding filing procedures.

- **LR 7.1(b)(2)**
  A new advisory committee's note regarding evidentiary materials submitted with reply briefs.

- **LR 16.1**
  Amendments in response to the requirements of the Alternative Dispute Resolution Act of 1998.

- **LR 83.13**
  New rule regarding the discipline of court appointees.

The amendments to the Local Rules may be obtained in the Office of the Clerk of Court in either St. Paul, Minneapolis or Duluth; by contacting the Clerk of Court at the address below; or online through the Update Service of Westlaw.

Francis E. Dosal, Clerk
U.S. District Court
708 Federal Building
316 North Robert Street
St. Paul, MN 55101
651-848-1100